IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE | BANKRUPTCY 23-01428 MCF |
|---|---|
| ALEXIS RAMIREZ ROSADO | CHAPTER 11 |
| Debtor | |

**MOTION FOR CONTINUATION OF AUTOMATIC STAY**

TO THE HONORABLE COURT:

COMES NOW debtor, Alexis Ramirez Rosado, who moves this Court, pursuant to §362(c)(3)(B), for an order continuing the automatic stay provided under §362(a) as to all creditors. In support of this motion, the debtor states as follows:

I.   LOCAL RULE 4001-5 (a)(1): Case Information

1.  Debtor filed a previous case:   In re Alexis Ramirez Rosado  **Case No. 22-01853-MCF13**

    U.S. Bankruptcy Court for the District of Puerto Rico

    Filed on: 06/29/2022   Dismissed: 04/20/2023

    Disposition: On April 20, 2023, Order dismissing case [Doc #61] was entered upon the trustee's motion for dismiss [ Doc # 55] dated March 10, 2023 based upon debtor's default with respect of the proposed plan in the sum of $600.00.

2.  A.   The later case (this case) that is being refiled is a Chapter 11 case. The previous case was not dismissed under 11 U.S.C. §707(b).

    B.   No pending motion for relief was pending when previous case was dismissed;

    C.   In previous case 22-01853 MCF, an order lifting Automatic Stay as to BPPR was entered on January 31, 2023 [Doc #51] upon a Motion for Lift of Stay dated 07/26/2022 [ Doc # 13 ] based on an alleged lack of privity ("that there was no creditor-debtor relationship).

1

2

II.      Extend of Stay [Local Rule 4001-5(a) (2)]:

Debtor, Alexis Ramirez Rosado wishes, with respect to Banco Popular de Puerto Rico that automatic stay to be continued until the confirmation of the proposed plan.

III.      Grounds for Relief [Local Rule 4001-5(a)(3)]:

3. Chapter 13 case 22-01953 MCF was dismissed on April 20, 2023 because the Debtor accrued payments to his Plan and was unable to maintain payments under his chapter 13 plan.

4. The Debtor has now re-adjusted his household expenses, his son, who is living at home has obtained a new job with increased salary and will now contribute to the household expenses and debtor will now be able to maintain his Plan.

5. Debtor, who receives disabled benefits from Social Security, has filed previous cases to retain his household to no effect. Even though debtor has tried to pay Banco Popular's mortgage, through government aids, requests for loss mitigation, etc., Banco Popular had negated to reach any loss mitigation accord alleging lack of privity. On all previous cases Banco Popular has appeared alleging that debtor has no contractual relationship and had requested and obtained lift of stay on the previous cases. The alleged lack of privity is no reason to obtain a relief of stay since BPPR has a claim against debtor's property (foreclosure of mortgage) who is in debtor's name at the Public Registry. Debtor's previous attorneys did not raise said defense, an even, in debtor's harm, acquiesced to lift of stay.

6. Contractual relationship is not necessarily to obtain a remedy under the reorganizations provisions of the Bankrupcty Code. What is important under our facts today is if Banco Popular has a claim against debtor and his ex-spouse. The majority of cases anchored by the decision of the Supreme Court of the United States in *Johnson v. Homes State Bank,* 501 U.S. 78 (1991) have interpreted the term "claim" broadly and permit a debtor to cure defaulted [mortgages] within a chapter 13 plan even when no privity of contract exists between the debtor and creditor. Also see *Bank of America v. Garcia (In re Garcia),* 226 B.R. 627 (Bankr. D. Ariz. 2002); *In re Allston,* 206 B.R. 297 (Bankr. E.D. N.Y. 1997); *In re Hutcherson,* 186 B. R. 546 (Bankr. N. D. Ga. 1995); *In re Trapp,* 260 B.R. 267 (Bankr. D.S.C. 2001); *In re Rutledge,* 208 B.R. 624, (Bankr. E.D. N.Y. 1997); *Citicorp Mortgage, Inc. v. Lumpkin (In re Lumpking),* 144 B.R. 240 (Bankr. D. Conn. 1992).

7. Under the existing body of law defining "good faith" in the bankruptcy context, an honest debtor making a second attempt to save a home or obtain other bankruptcy relief would be considered to have filed in good faith by most courts. *See In re Metz,* 820 F.2d 1495 (9th. Cir. 1987)

8.. The previous legal representation did not allege in the previous cases that

Banco Popular has a claim against debtor since it obtained a judgment against debtor and former spouse in local court. The fact that no adequate defense was presented at the previous motions to lift of stay put debtor in peril of losing his household, even when he attended to the bank Loss Mitigation Department who denied any offer of mitigation even when substantial grant of government help was obtained by debtor to help pay the arrears.

4

9. Debtor has filed this petition with an honest attempt to save his home and pay BPPR's claim. Debtor receives social security disability benefits and will became homeless in the present state of inflation of the home prices and scarcity. An honest debtor making an attempt to save a home or obtain other bankruptcy relief would be considered to have filed in good faith by most courts. Debtor's residence is necessary for an effective reorganization and a fresh start.

10. The petition in this case has been filed in good faith. The Debtor believes that the chapter 11 case he has now filed, will allow him to confirm a Plan to pay's BPPR's upon the mortgage's lien over his residence, in the terms of the judgment BPPR's obtained ("In rem" - that is no deficiency) so as to allow him to be able to fully perform under the terms of the chapter 11 plan.

11. The Debtor's prior chapter 13 case, dismissed on April 20, 2023, was the only previous case by the Debtor that was pending during the preceding year.

12. The Debtor's prior chapter 13 case was not dismissed because the Debtor failed to file or amend her petition or any required documents, or to provide adequate protection payments ordered by the court.

13. The Debtor's prior chapter 13 case was not dismissed at a time when there had been a motion for relief that was pending before the court or resolved with an order terminating, conditioning, or limiting the stay.

WHEREFORE, the Debtor requests that this Court continue the automatic stay under § 362(a) as to all creditors for the duration of this chapter 11 proceeding until the confirmation of the

5

Plan, or until such time as the stay is terminated under §362(c)(1) or (c)(2), or a motion for relief is granted under § 362(d). Alternatively, the debtor requests that this Court issue an order pursuant to § 362(j) confirming that the automatic stay provided under §362(a) will terminate under §362(c)(3) only as to actions taken against the debtor or property of the debtor, but not as to actions taken against property of the estate or actions not taken in relation to a debt.

## NOTICE
### TO ALL CREDITORS AND PARTIES IN INTEREST

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the above document with Clerk of the Court using CM/ECF System which sends a notification of such filing to:
MONSITA LECAROZ ARRIBAS, ustpregion21.hr.ecf@usdoj.gov

I further certify that I have served this document by certified mail, with return receipt to Banco Popular's President: Ignacio Alvarez, Esq., Popular Center North

Building, Second Level, 209 Muñoz Rivera Avenue, San Juan, PR 00918; to Monsita Lecaroz Arribas, Assistant US Trustee, Office of The United States Trustee Edificio Ochoa 500 Tanca StreetSuite 301, San Juan, PR 00901-1922; and by regular mail to: Secretario de Hacienda de Puerto Rico, PO Box 9024140, San Juan, Puerto Rico 00902-4140; Secretario de Justicia Puerto Rico, PO Box 9020192, San Juan, Puerto Rico 00902-092; Reinaldo Paniagua Latimer, Director Ejecutivo CRIM, P.O. Box 195387, San Juan, P.R. 00919-5387.

In Bayamón, Puerto Rico, this May 15, 2023.

f/ Aníbal Medina Ríos
USDC# 125611
Attorney for debtor
Urb. Santa Cruz
C-23 Calle Marginal
Bayamón, P.R. 00961
Tel: (787)460-6364
Email:medinalaw@gmail.com