IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

---

IN RE:     Case No. 23-01428-MCF

ALEXIS RAMIREZ ROSADO     Chapter 11

Debtor

---

REPLY TO OBJECTION TO MOTION FOR CONTINUANCE
OF AUTOMATIC STAY AND MOTION TO DISMISS

TO THE HONORABLE COURT:

Comes now, Debtor, Alexis Ramírez Rosado, through his attorney of record and respectfully states and prays:

On May 23, 2023, party in interest, Banco Popular de Puerto Rico ("BPPR") filed a motion objecting the continuation of the automatic stay. It Also filed a Motion to Dismiss alleging Bad Faith.

In its motion, Popular alleges that the Debtors filed nine bankruptcy petitions; filed within the period of the bad faith presumption stated in 11 U.S.C. 362© )(3)© )(I), and, with the sole intention to stop a judicial sale process.

On March 2006, Debtor Ramírez and his then espouse, Elsie Enid Berrios Salgado, acquired their residence located at 13 Street, Block 28, #17 , Urbanización Santa Rosa, Bayamón, Puerto Rico. This property was acquired from Mr. Héctor Nazario Cortes and spouse, Ana López Rodriguez, and had a registered mortgage in favor of Banco Popular de Puerto Rico ("Popular") or its order.

In its motion, Popular mentions nine (9) petition filed by debtor Ramirez since 1988. Since the real estate property that guarantee Popular's credit was acquired on March 28,

1

2

2006, the mention of the following four (4) cases are objected to as not pertinent: a) **88-01487**; b) **89-01327**; c) **90-06993**;d) **97-06819**.

The judicial complaint, which Popular mentioned in its motion in opposition for the continuance of the automatic stay and motion to dismiss in which Popular seeks the foreclosure sale, **Banco Popular de Puerto Rico v. Alexis Ramirez et als**, Civil case no. DCD13-2003 (502), Superior Court of Puerto Rico, Bayamon Part was filed on July 23, 2013 [EXHIBIT # 1]. Bankruptcy 0-04860, filed on June 15, 2009 and case 11-02825, filed on March 31, 2011 were filed prior to the filing of the case DCD2013-2003 (502) that is mentioned by Popular in its motion objecting the continuation of the Automatic Stay and request for dismissal. Thus, they are not pertinent to the facts discussed in Popular's motion.

In case 09-04860 (filed on June15, 2009), Popular filed a Motion for Relief of Stay on September 29, 2009 (dkt. #23) which was granted. The case was dismissed on March 18, 2010. Popular did not act on the relief granted.

On March 31, 2011, the Debtor and his spouse filed case number 11-02825BKT under Chapter 7. The case was administrated by Chapter 7 Trustee Noemi Landrau. On 10/25/2012 (dkt.# 67) trustee filed a Notice of Abandonment on the property located at 13 Street, Urb. Santa Rosa, Bayamón. No Motion for Lift of Stay was filed by Popular in case 11-0285 with regard to the property located at Street 13, Block 28, #17, Urbanización Santa Rosa, Bayamón, Puerto Rico. On June 6, 2012 a Motion for Lift of Stay was granted (dkt. # 48) in case 11-02825 BKT for the Debtor's property at El Cortijo Development, which was later foreclosed. Debtors obtained an Order of Discharge under 11 U.S.C. 727 on April 28, 2012 (dkt.# 124). The case was closed on February 10, 2017 (dkt. # 158).

On March 14, 2017, Debtor Ramírez filed for Chapter 13, case No. 17-01713ESL .

3

This case was filed, not to evade the judicial sale of Debtor's residence but to be able to retain his home. Popular boycotted Debtor's efforts to confirm a plan in case 17-01713 ESL. On May 19, 2017, Popular filed a Motion for Relief of Stay under 11 U.S.C. §362 [EXHIBIT #2] affirming that debtor Ramirez has been owning the above described realty without making regular payments to BPPR and without establishing a Debtor/Creditor relationship with BPPR and without providing any adequate protection to BPPR's security. Debtor responded to said motion [EXHIBIT #3] and alleged, among other defenses, that Popular had a claim against the property of the Debtors and thus, had a claim against the bankruptcy estate and thus, a Chapter 13 plan could be filed to cure the arrears as per the holding on **Johnson v Home State Bank**, 501U.S. 78 (1991). On June 3, 2017, Debtor to provide adequate protection to Popular, to overcome the objection of lack of adequate protections payments in the motion for relief of stay, debtor Ramirez filed motion for leave to consign funds in the amount of $1,276 for Banco Popular de Puerto Rico [ dkt. #33] [EXHIBIT #4] in order to pay the monthly adequate protection payments since filing and was to consign adequate protection payments until confirmation of plan. Debtor Ramírez went to the Loss Mitigation Department of Popular, to establish a mitigation plan to no avail. Popular's Loss Mitigation Division received the Debtor but at the end indicated that he did not qualify for loss mitigation since he was not the signer on the mortgage note. On August 22, 2017 the lift of stay was granted to Popular on August 22, 2017 upon failure to file stipulation[1] [dkt. # 43]. No stipulation could be reached with Popular even with multiple meetings reunion between debtor Ramirez and several officials. A Chapter 13 Plan was

---

[1] There was a "wall" put up by Popular. Their position was and is that there is no privity and thus, no loss mitigation could be granted.

4

confirmed in this case to pay other Debtors.

On case 22-01853, Debtor Ramírez filed petition for relief under Chapter 13 again trying to pay Popular and retain his property. Popular filed a Motion to Lift Stay based upon its theory that there is no privity between Debtor Ramírez and thus, they could obtain a relief of stay [EXHIBIT #5]. The debtor's counsel at case 22-01853 replied to the motion for relief of stay [EXHIBIT#6] but did not raised the holding of **Johnson,** *supra* nor adequately reply the motion for relief of stay and relied on debtor Ramirez making loss mitigation settlement with Popular which were to be fruitless, thus, again, the lift was lifted. It is a fact that the instant case was filed on the eve of the judicial sale, but always has been filed in good faith and is an honest attempt to pay Popular the remedy he obtained in the judgment in case **Banco Popular de Puerto Rico v. Alexis Ramirez Rosado et als,** Civil Case DCD13-2003, Superior Court, Bayamon Part [EXHIBIT #7 ] as in the complaint of case DCD2013-2003 [EXHIBIT #1] Popular voluntarily renounced to any deficiency on the loan as a result of obtaining a lower price in the judicial sale than the contractual debt. That is, Popular in case DCD13-2003 voluntarily requested to the state court to receive as a remedy only the part of the credit secured by the property (collateral), for debtors had received the Order of Discharge under 11 U.S.C. §727 in bankruptcy case 11-02825BKT. Popular then is entitled by said judgment only to the value of the property obtained at the judicial sale. Debtor Ramirez filed the instant case to propose, through a liquidating plan in Chapter 11 to pay Popular the sum of $160,000.00 being the appraised value price of the property [EXHIBIT #8].

The Bankruptcy Court is a Court of Equity and Banco Popular has come to this court with unclean hands to assert bad faith to Debtor who is only struggling to save his home.

5

Debtor is 58 years old, who labored for most of his adult life in the security sector first as employee and later as owner, but unfortunately suffered a disabling stroke at the age of 46 years leaving him with a medical condition that resulted in an early onset of SS disability benefits from the Social Security Administration.

Debtor Ramírez and his ex-spouse, Elsie Enid Berrios Salgado, bought their residence in 2006 from Mr. Héctor Nazario Cortes and spouse Ana López Rodriguez. At the time of the sale, the property had a lien from former owners in favor of BPPR or its order. BPPR never has approved a substitution of Debtor Ramírez and his spouse, Berrios, as Debtors in the loan. Being such the fact, they were "third possessors" of the property mortgaged within the purview of then article 1778 of the Puerto Rico Civil Code, Ed. 1930 31 L.P.R.A. 5046 (now repealed) which states:

> "A creditor may demand from the possessor of the property mortgaged the payment of the part of the credit secured with what the latter may possess, in the terms and with formalities established by law."
> [EXHIBIT #9 ]

Even though Popular did not substitute the Debtor and his then spouse, Berrios as debtors in the loan, it filed a judicial complaint against Debtor Ramírez and his spouse Berrios [Exhibit #1] as if they were the loan signers, which were not. In its complaint Popular requested the full payment of the principal and interests due but did not accumulated the contractual Debtors of the loan and signers of the Mortgage Deed ( Mr. Héctor Nazario Cortes and his wife, Ana Lopez Rodriguez). With this action, Popular implicitly substituted Debtor Ramírez and his wife, Elsie Enid Berrios Salgado, as the contractual obligates of the loan and the note. Popular not only implicitly substituted but submitted a sworn declaration in support of its default judgment where it expressly referred

6

to Debtor Ramírez and his spouse Elsie Berrios as its "clients". See EXHIBIT#10, Sworn Statement signed by Rita Pabon Amaro as administrative officer of Banco Popular de Puerto Rico. In case DCD2013-2003, Popular obtained a judgment against Debtor Ramírez and his then spouse for the full amount of the debt, who were not the contractual obligates but no remedy against Mr. Héctor Nazario Cortes and Ana López Rodriguez, the signers of the mortgage loan and note. See judgment dated November 7, 2013. Amended Nunc Pro Tunc on February 20, 2014 in case DCD2013-2003 [EXHIBIT # 7]

Popular consistently had come before this court to boycott all of Debtors's attempts to pay the mortgage arrears to Popular. The bank had been filing and obtaining relief from the automatic stay based on among other things "lack of privity". When Debtor went to the Loss Mitigation Department of Popular, they heard him out and at the end indicated that since Debtor Ramírez is not the title holder in the account, he is not entitled to loss mitigation. See sworn declaration from debtor Ramirez [EXHIBIT #11]

Debtor Ramírez has attempted alternate means to preserve his homestead by offering Popular to allow to sell his home at arm's length price and allow him to pay the property's value as it is Popular's right according to judgment, to no avail.

Debtor Ramírez now attempts through this Chapter 11 proceeding to retain his home through a longer and more practical payout available only under Chapter 11 through a liquidation plan. Debtor obtained an insurance for the real estate property [EXHIBIT#12] to cover the value of the property. Adequate protection is not designed to improve the secured creditor's position beyond the value of its collateral **In re WorldCom, Inc.**, 304 B.R. 611 (Bankr. S.D.N.Y. 2004). Debtor Ramirez now attempts through this chapter 11 proceeding to retain his home through a longer and more practical payout available only under chapter

Document Page 7 of 9

7

11 through a liquidating plan selling the property at an arm's length transaction. Debtor Ramirez's daughter and her spouse has been pre-qualified to obtain a mortgage loan for the value of the secured part of the real estate property. This is not a "cram down" it is the indubitable value of the collateral that Popular seeks to foreclose through a judicial sale and for which obtained a judgment where Popular voluntarily renounced the right to collect any deficiency on the sale [EXHIBIT #7 ]

As part of the chapter 11 process, Section 1129(a)(7) of the Bankruptcy Code requires that a bankruptcy court determine that a chapter 11 plan provides, with respect to each class, that each holder of a claim or an equity interest in such class either (I) has accepted the plan or (ii) will receive under the plan value that is not less than the amount that such holder would receive if the debtors had liquidated under chapter 7 of the Bankruptcy Code. Debtor Ramirez will offer to Popular trough the plan the market value of the property vs. the foreclosure value. Debtor Ramirez believe that a liquidation of the Debtors' assets under judicial sale would result in reductions in the value to be realized by Popular as compared to the distributions that are contemplated under the Plan. As a result, the Debtors believe that Consummation of the Plan will provide a substantially greater return to Popular than would any value from the judicial sale without right to collect deficiency granted by judgment dated November 7, 2013. Amended Nunc Pro Tunc on February 20, 2014 in case DCD2013-2003[EXHIBIT# 7].

Under the existing body of law defining "good faith" in the bankruptcy context, an honest debtor making a second attempt to save a home or obtaining other bankruptcy relief would be considered to have filed in good faith by most courts. *See*, **In re Metz**, 820 F. 2d. 1495 (9th. Cir. 1987 (filing of successive bankruptcies does not necessarily show bad faith);

8

**In re Smith**, 43 B.R. 319 (Bankr. E.D.N.C. 1984) (plan confirmed , with conditions, even though there had been three prior unsuccessful chapter 13 cases). Creditor's son, after the dismissal of prior case, obtained a better, administrative job and is in an economic position to help debtor to consummate a proposed plan. Based on the totality of the circumstances test for good faith filing, this Honorable Court should deny Popular's motion objecting continuance of Automatic Stay and motion to dismiss. Goliath has not come to this court with "clean hands".

CERTIFICATE OF SERVICE

That on this day, I filed the above reply to Popular's motion objecting continuance of the Automatic Stay and Motion to Dismiss, using the CM/ECF platform which will notify the following creditors and parties in interest:

> MADELIN COLON PEREZ on behalf of Creditor BANCO POPULAR DE PUERTO RICOmcolonquiebras@gmail.com, zortiz@colonroman.com
>
> JULIO GUZMAN CARCACHE on behalf of U.S. Trustee US TRUSTEE julio.guzman@usdoj.gov, jguzman.ecf@gmail.com
>
> MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov
>
> KEVIN MIGUEL RIVERA MEDINA on behalf of Creditor BANCO POPULAR DE PUERTO RICOkmrquiebras@gmail.com, krivera@colonroman.com
>
> MIGDA L RODRIGUEZ COLLAZO on behalf of Creditor TREASURY DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO bankruptcyjusticia.gobierno.pr@gmail.com, mlrcbankruptcy@gmail.com
>
> US TRUSTEE ustpregion21.hr.ecf@usdoj.gov

9

In Bayamon, Puerto Rico, this 22nd. day of June, 2023.

/s/ Anibal Medina Rios
USDC-PR #125611
Attorney for debtor Alexis Ramirez
Urb. Santa Cruz
C-23 Calle Marginal
Bayamon, PR 00959
Tel: (787)460-6364
Email:medinalaw@gmail.com