ATTACHMENT 11

1295.040
07-101-001-208391-4

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**BAYAMÓN SUPERIOR PART**

| | |
|---|---|
| **BANCO POPULAR DE PUERTO RICO**<br><br>**Plaintiff**<br><br>vs.<br><br>**ALEXIS RAMIREZ ROSADO aka ALEXIS RAMIREZ his wife, ELSIE E. BERRIOS SALGADO aka ELSIE ENID BERRIOS SALGADO and as ELSIE E. BERRIOS**<br><br>**Defendant** | CIVIL NO.: DCD2013-2003<br>ROOM: 502<br><br>RE:<br><br>MORTGAGE FORECLOSURE BY ORDINARY MEANS |

**COMPLAINT (In Rem)**

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff party, **BANCO POPULAR DE PUERTO RICO**, henceforth "**BPPR**", through its undersigned legal representative, and very respectfully **STATES, ALLEGES, and REQUESTS:**

1. The BPPR is a banking institution authorized to do business in the Commonwealth of Puerto Rico, whose main office is located at 157 Avenida Ponce de León, Hato Rey, Puerto Rico and the postal address is: P.O. Box 362708, San Juan, Puerto Rico 00936-2708. His Employer Social Security number is 66-0175278.

2. The defendant is comprised of ALEXIS RAMIREZ ROSADO aka ALEXIS RAMIREZ, his wife, ELSIE E. BERRIOS SALGADO aka ELSIE ENID BERRIOS SALGADO and as ELSIE E. BERRIOS, whose last known physical and postal address is: Urb. Santa Rosa 17-28 Calle 13 Bayamón, Puerto Rico 00959.

3. The defendant ALEXIS RAMIREZ ROSADO aka ALEXIS RAMIREZ, his wife, ELSIE E. BERRIOS SALGADO aka ELSIE ENID BERRIOS SALGADO and as ELSIE E. BERRIOS acquired real

Case:23-01428-MCF11 Doc#:28-1 Filed:06/22/23 Entered:06/22/23 21:45:39 Desc:
Exhibit Complaint Case DCD2013-2003 Page 2 of 12

BY2019CV05507 09/08/2019 11:52:54am Page 2 of 6

Complaint
Banco Popular de Puerto Rico
Alexis Ramírez Rosado et al.
Page 3 of 4

estate property through deed of sale number four by Atty. José Rafael Lebrón Duran and assumed the mortgage that encumbers the property for the amount of $91,258.00 with 7.5% annual interest and other accessory credits.

4. The mortgaged property acquired by the defendants is as follows:

URBAN: Lot located in the SANTA ROSA URBANIZATION, located in the Juan Sánchez neighborhood of Bayamón, Puerto Rico, which is described in the urbanization registration plan, with the surface area and boundaries listed below: Lot number 17 of the Block A2*·, with the lot area of 315.00 square meters. In borders: by the NORTH, with the lot number 18, distance of 21.00 meters; on the SOUTH, with the lot number 16, distance of 21.00 meters; on the EAST, with lot number 10, distance of 15.00 meters; and to the WEST, with street number 13, a distance of 15.00 meters. It contains a concrete house for a family.

Property 18,849. Registered to Folio 246 of Volume 416 of Bayamón, Bayamón Registry, Section I.

5 The mortgage is duly registered to Folio 253, Volume 1519 of Bayamón, twelfth inscription.

6. Pursuant to the Promissory Note granted, the BPPR disbursed the amount of the loan whose obligation remains an unpaid balance as of April 1, 2007 of **$79,064.01** of principal, plus accrued interest and charges and to accumulate at the agreed rate from that date onwards and until its total payment, plus the agreed amounts for costs, expenses and attorney's fees.

7. The agreements stipulated in the loan contracts have been breached by not making payments on their due date. giving the BPPR the right to declare it overdue and to collect the referenced loan.

8. The BPPR is a holder and possessor in good faith of Mortgage Promissory Note described in this Complaint which gives it the right to request foreclosure and the sale in public auction of the mortgaged property.

9. The defendants requested protection under the Bankruptcy Law, case No. 11-02825, Chapter 7 and have obtained discharge for which they are not personally liable for this debt. The Trustee appointed in the bankruptcy proceeding abandoned the property described above on October 25, 2012 (**Exhibit I**).

10. The legal consequence of the action taken by the Trustee is that said real estate property reverts to the estate of the defendants herein and said property is considered as if a bankruptcy petition had not

Case:23-01428-MCF11 Doc#:28-1 Filed:06/22/23 Entered:06/22/23 21:45:39 Desc:
Exhibit Complaint Case DCD2013-2003 Page 3 of 12

BY2019CV05507 09/08/2019 11:52:54 am Page 3 of 6

Complaint
Banco Popular de Puerto Rico
Alexis Ramírez Rosado et al.
Page 3 of 4

been filed. See Collier on Bankruptcy. 15th Edition Revised. Chapter 554 of which we include copy for your review and analysis. In particular, we refer to the Honorable Court Section 554 Sub (3) which discusses the effect of abandonment and provides:

> **"Although section 554 does not specify to whom property Is abandoned, property may be abandoned by the trustee to any party with a possessory Interest in it, Normally, the debtor ls the party with a possessory Interest However, in some cases, it may be some other party, such as a secured creditor who has possession of the property when the trustee abandons the estate's Interest. In any event, property abandoned under subsection (c) (scheduled but not administered property) is deemed abandoned to the debtor. Abandonment should not be considered a judicial sale of the property. Therefore, when property is subject to a security interest, abandonment does not take the place of a proper foreclosure sale. Even if the secured party is given possession, it will still have to comply with any nonbankruptcy law requirements for sale. Abandonment also should not be considered to divest the court of jurisdiction to enforce the rights of a debtor to claim an exemption under section 522."**

11. It is important to note that the defendants are currently covered by the protection of the Federal Bankruptcy Law but the abandoned property is not. The. protection of the "automatic stay" on the property lasts while it is part of the estate. 11 USC 362(C)(1). When the property is abandoned, it ceases to be the property and therefore loses the protection of the stay. For debtors, the protection of the automatic stay is understood until the bankruptcy case is closed, dismissed or in the case of Chapter 7 or 13. until the discharge of debts is issued or denied. The lawsuit is filed against the debtors since they still maintain a possessory interest over the property and they may want to defend it.

12. Since the Trustee abandoned the property, the claim of the plaintiffs is an *In Rem*, only against the property. It is intended only to collect the debt of the mortgage guarantee by foreclosing on the mortgage. In the event of a deficiency in the collection of the debt, the judgment will provide that the defendants are not personally responsible for the payment of said deficiency.

Case:23-01428-MCF11 Doc#:28-1 Filed:06/22/23 Entered:06/22/23 21:45:39 Desc:
Exhibit Complaint Case DCD2013-2003 Page 4 of 12

Complaint
Banco Popular de Puerto Rico
Alexis Ramírez Rosado et al.
Page 3 of 4

13. We very respectfully understand that in consideration of the above, the action filed here is valid and appropriate in law.

**WHEREFORE**, the plaintiff, BPPR, very respectfully pleads with this Honorable Court that, prior to the corresponding legal process, issue a judgment declaring this complaint **GRANTED** in collection of money and mortgage foreclosure and condemning the defendant to satisfy the BPPR the parts claimed in the complaint; and in the event of not doing so, ordering the sale at public auction of the mortgaged property in order to satisfy the judgment with its proceeds.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on July 22, 2013.

**CARLOS R. SOSA PADRO LAW OFFICE, C.S.P.**
P.O. Box 191682
San Juan, Puerto Rico 009191682
Tel. 250-0081, Fax 250-0 78
E-mail: csosalaw@gmail.com

[Signature]
**ATTY. CARLOS R. SOSA PADRÓ**
**RUA 6370**



*Certified to be a true and exact translation from the original text in Spanish to the target language English.*
*25/MAY/2023 ♦ Translations & More: 787-637-4906*

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

ALEXIS RAMIREZ ROSADO      CASE NO. 11-02825 BK

ELSIE E BERRIOS SALGADO    Chapter 7

XXX-XX-0655

XXX-XX-5275

FILED & ENTERED ON 11/07/2012

Debtor(s)

ORDER

Upon the Trustee's Notice of Abandonment of Property filed on 10/25/2012 [docket No. 67], the Debtor's Motion for Reconsideration [Docket No. 61] is denied as moot. The hearing set for 11/14/2012 is vacated and set aside.

The Trustee's Motion for Sale of Real Property Free and Clear of Liens filed on 08/03/2012 (docket No. 55) is granted as unopposed.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 07th day of November, 2012.

Brian K. Tester
U.S. Bankruptcy Judge

CC: DEBTOR(S)
ROBERTO PEREZ OBREGON
NOEMI LANDRAU

002930                    41312002932012

Certified to be a true and exact translation from the original text in Spanish to the target language English.
25/MAY/2023 ♦ Translations & More: 787-637-4906

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

ALEXIS RAMIREZ ROSADO

ELSIE E BERRIOS SALGADO

CASE NO. 11-02825

Chapter 7

CARLOS R. SOSA PADRO
LAW OFFICE, CSP

NOV 13 2012

RECIBIDO

XXX-XX-0655

XXX-XX-5275

FILED & ENTERED ON 11/07/2012

Debtor(s)

ORDER

Upon the Trustee's Notice of Abandonment of Property filed on 10/25/2012 [docket No. 67], the Debtor's Motion for Reconsideration [Docket No. 61] is denied as moot. The hearing set for 11/14/2012 is vacated and set aside.

The Trustee's Motion for Sale of Real Property Free and Clear of Liens filed on 08/03/2012 (docket No. 55) is granted as unopposed.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 07th day of November, 2012.

Brian K. Tester
U.S. Bankruptcy Judge

CC: DEBTOR(S)
ROBERTO PEREZ OBREGON
NOEMI LANDRAU

002930                      41312002932012

Certified to be a true and exact translation from the original text in Spanish to the target language English.
25/MAY/2023 ♦ Translations & More: 787-637-4906

1295.040
07-101-001-208391-4

### ESTADO LIBRE ASOCIADO DE PUERTO RICO
### TRIBUNAL DE PRIMERA INSTANCIA
### SALA SUPERIOR DE BAYAMON

DCD13-2003

| | |
|---|---|
| **BANCO POPULAR DE PUERTO RICO** | CIVIL NÚM.: |
| Demandante | SALA 502 |
| vs. | |
| **ALEXIS RAMIREZ ROSADO t/c/c ALEXIS RAMIREZ** su esposa, **ELSIE E. BERRIOS SALGADO t/c/c ELSIE ENID BERRIOS SALGADO y como ELSIE E. BERRIOS** | SOBRE: EJECUCIÓN DE HIPOTECA POR LA VÍA ORDINARIA |
| Demandada | |

2013 JUL 23 PM 3:48

### DEMANDA (In Rem)

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la parte demandante, **BANCO POPULAR DE PUERTO RICO**, en adelante "BPPR", por conducto de su representación legal que suscribe y muy respetuosamente **EXPONE, ALEGA y SOLICITA:**

1. El BPPR es una institución bancaria autorizada a hacer negocios en el Estado Libre Asociado de Puerto Rico, cuya oficina principal ubica en 157 Avenida Ponce de León, Hato Rey, Puerto Rico y la postal es: P.O. Box 362708, San Juan, Puerto Rico 00936-2708. Su número de Seguro Social Patronal es 66-0175278.

2. La parte demandada la componen **ALEXIS RAMIREZ ROSADO t/c/c ALEXIS RAMIREZ su esposa, ELSIE E. BERRIOS SALGADO t/c/c ELSIE ENID BERRIOS SALGADO y como ELSIE E. BERRIOS**, cuya última dirección conocida como física y postal es: Urb. Santa Rosa 17-28 Calle 13 Bayamón, Puerto Rico 00959.

3. La parte demandada Alexis Ramírez Rosado t/c/c Alexis Ramírez su esposa, Elsie E. Berrios Salgado t/c/c Elsie Enid Berrios Salgado y como Elsie E. Berrios adquirieron una la propiedad inmueble mediante la escritura de compraventa número cuatro del Lcdo. José Rafael Lebrón Durán y asumieron la hipoteca que grava la propiedad por la por la cantidad $91,258.00 con intereses 7.5% anual y demás créditos accesorios.

Demanda
Banco Popular de Puerto Rico vs.
Alexis Ramírez Rosado et al
Page 2 of 4

4. La propiedad hipotecada adquirida por los demandados es la siguiente:

**URBANA:** Solar radicado en la **URBANIZACIÓN SANTA ROSA,** situada en el Barrio Juan Sánchez de Bayamón, Puerto Rico, que se describe en el plano de inscripción de la urbanización, con el área y colindancias que se relacionan a continuación: Número del solar 17 de la Manzana A28", con el área del solar de 315.00 metros cuadrados. En lindes: por el **NORTE,** con el solar número 18, distancia de 21.00 metros; por el **SUR,** con el solar número 16, distancia de 21.00 metros; por el **ESTE,** con el solar número 10, distancia de 15.00 metros; y por el **OESTE,** con la calle número 13, distancia de 15.00 metros. Contiene una casa de concreto para una familia.

Finca 18,849, inscrita al Folio 246 del Tomo 416 de Bayamón, Registro de Bayamón, Sección I.

5. La hipoteca se encuentra debidamente inscrita al Folio 253 del Tomo 1519 de Bayamón, inscripción décimo segunda.

6. De conformidad con el Pagaré otorgado el BPPR desembolsó la cantidad del préstamo de cuya obligación queda un balance insoluto al 1 de abril de 2007 de $79,064.01 de principal, más los intereses y cargos acumulados y por acumularse a la tasa pactada desde esa fecha en adelante y hasta su total pago, más las sumas pactadas para costas gastos y honorarios de abogado.

7. Se ha incumplido con los acuerdos estipulados en los contratos del préstamo al no realizar los pagos en su fecha de vencimiento, dando derecho al BPPR a declararla vencido y al cobro el préstamo de referencia.

8. El BPPR es tenedor y poseedor de buena fe del Pagaré Hipotecario descrito en esta Demanda por lo que tiene derecho a solicitar la ejecución de la hipoteca y la venta en pública subasta de la propiedad hipotecada.

9. Los demandados solicitaron protección bajo la ley de Quiebra, caso Núm. 11-02825, capítulo 7 y han obtenido descargo por lo que no responden en su carácter personal por esta deuda. El Síndico designado en el proceso de quiebra abandonó la propiedad antes descrita el 25 de octubre de 2012 **(Exhibit I).**

10. La consecuencia en derecho de la acción tomada por el Síndico es que dicha propiedad inmueble revierte al caudal de los aquí demandados y dicha propiedad es considerada como si no se hubiese radicado una petición de quiebra. Véase Collier on

Demanda
Banco Popular de Puerto Rico vs.
Alexis Ramírez Rosado et al
Page 3 of 4

Bankruptcy, 15th Edition Revesed, Chapter 554 de la cual incluimos copia para su revisión y análisis. En particular referimos al Honorable Tribunal la Sección 554 Sub (3) que discute sobre el efecto del abandono y dispone:

> "Although section 554 does not specify to whom property is abandoned, property may be abandoned by the trustee to any party with a possessory interest in it, Normally, the debtor is the party with a possessory interest. However, in some cases, it may be some other party, such as a secured creditor who has possession of the property when the trustee abandons the estate's interest. In any event, property abandoned under subsection (c) (scheduled but not administered property) is deemed abandoned to the debtor.
> Abandonment should not be considered a judicial sale of the property. Therefore, when property is subject to a security interest, abandonment does not take the place of a proper foreclosure sale. Even if the secured party is given possession, it will still have to comply with any nonbankruptcy law requirements for sale. Abandonment also should not be considered to divest the court of jurisdiction to enforce the rights of a debtor to claim an exemption under section 522."

11. Es importante señalar que al presente a los demandados los cobija la protección de la Ley de Quiebra Federal pero no así a la propiedad abandonada. La protección del "automatic stay" sobre la propiedad dura mientras la misma es parte del caudal. 11USC 362 (C) (1). Al ser abandonada la propiedad deja de ser la caudal y por consiguiente pierde la protección del stay. Para los deudores la protección del "aumtomatic stay" se entiende hasta que el caso de quiebra sea cerrado, desestimado o en caso de capitulo 7 ó 13, hasta que se emita o deniegue el descargo de deudas. Se radica la demanda contra los deudores pues estos todavía mantienen un interés posesorio sobre la propiedad y pudieran querer defenderlo.

12. Por el Síndico haber abandonado la propiedad la reclamación de los demandantes es una In Rem, solo contra la propiedad. Se pretende solamente cobrar la deuda de la garantía hipotecaria, ejecutando la hipoteca. En caso de deficiencia en el cobro de lo adeudado, la sentencia dispondrá que los demandados no son responsables en su carácter personal del pago de dicha deficiencia.

13. Muy respetuosamente entendemos que en consideración a lo antes expuesto la acción aquí incoada es una válida y procedente en derecho

Demanda
Banco Popular de Puerto Rico vs.
Alexis Ramírez Rosado et al
Page 4 of 4

**POR TODO LO CUAL**, el demandante, BPPR, muy respetuosamente suplica de este Honorable Tribunal que, previo el trámite de ley correspondiente, dicte sentencia declarando **CON LUGAR** la presente Demanda en cobro de dinero y ejecución de hipoteca y condenando a la demandada a satisfacer al BPPR las partidas reclamadas en la demanda; y en caso de no hacerlo, ordenando la venta en pública subasta de la propiedad hipotecada para con su producto satisfacer la sentencia.

**RESPETUOSAMENTE SOMETIDA**

En San Juan, Puerto Rico, a 22 de julio de 2013.

**CARLOS R. SOSA PADRO LAW OFFICE, C.S.P.**
PO Box 191682
San Juan, Puerto Rico 00919-1682
Tel. 250-0081, Fax 250-0078
E-mail: csosalaw@gmail.com

**LCDO. CARLOS R. SOSA PADRO**
**RUA 6370**



5120
07/08/2013
$75.00
Sello Rentas Internas
50484-2013-0708-70403192

▲ PEEL & REMOVE STAMP
AFTER PRINTING

THIS EDGE IN FIRST ◀

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

ALEXIS RAMIREZ ROSADO

ELSIE E BERRIOS SALGADO

CASE NO. 11-02825 BKT

Chapter 7

CARLOS H. SOSA PADRO
LAW OFFICE, CSP
NOV 1 3 2012

RECIBIDO

XXX-XX-0655

XXX-XX-5275

FILED & ENTERED ON 11/07/2012

Debtor(s)

ORDER

Upon the Trustee's Notice of Abandonment of Property filed on 10/25/2012 [docket No. 67], the Debtor's Motion for Reconsideration [Docket No. 61] is denied as moot. The hearing set for 11/14/2012 is vacated and set aside.

The Trustee's Motion for Sale of Real Property Free and Clear of Liens filed on 08/03/2012 (docket No. 55) is granted as unopposed.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 07th day of November, 2012.

Brian K. Tester
U.S. Bankruptcy Judge

CC: DEBTOR(S)
ROBERTO PEREZ OBREGON
NOEMI LANDRAU

002930

41312002932012

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

ALEXIS RAMIREZ ROSADO                    CASE NO. 11-02825 BKT

ELSIE E BERRIOS SALGADO                  Chapter 7

XXX-XX-0655

XXX-XX-5275

                                         FILED & ENTERED ON 11/07/2012

Debtor(s)

**ORDER**

Upon the Trustee's Notice of Abandonment of Property filed on 10/25/2012 [docket No. 67], the Debtor's Motion for Reconsideration [Docket No. 61] is denied as moot. The hearing set for 11/14/2012 is vacated and set aside.

The Trustee's Motion for Sale of Real Property Free and Clear of Liens filed on 08/03/2012 (docket No. 55) is granted as unopposed.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 07th day of November, 2012.

Brian K. Tester
U.S. Bankruptcy Judge

CC:   DEBTOR(S)
      ROBERTO PEREZ OBREGON
      NOEMI LANDRAU

002930                          41312002932012