IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No. 17-01713 ESL |
| ALEXIS RAMIREZ ROSADO | Chapter 13 |
| Debtor | |

| | |
|---|---|
| BANCO POPULAR DE PUERTO RICO | Index ___ |
| Movant | |
| ALEXIS RAMIREZ ROSADO | |
| Respondent | |
| ALEJANDRO OLIVERAS RIVERA<br>Chapter 13 Trustee | |

**ANSWER TO MOTION FOR RELIEF OF STAY**

To the Honorable Court:

Comes now, debtor, Alexis Ramirez Rosado ("Ramirez") through his undersigned attorney and by means of answer to Motion For Relief of Stay filed by Banco Popular de Puerto Rico very respectfully avers and prays:

1. Averments #1 and # 2, are ACCEPTED.

2. Averment #3 is accepted. It is affirmatively asserted that movant Banco Popular filed before the Superior Court, Bayamón Part, an ordinary foreclosure procedure, titled <u>Banco Popular de Puerto Rico v. Alexis Ramirez Rosado and spouse Elsie E. Berrios</u> . This action was brought only against debtor Ramirez Rosado and his spouse. Popular did not accumulate in this complaint the Mortgage Note borrowers, Mr. Hector Nazario Cortes and Ana Lopez Rodríguez. By this action, Popular liberated the contractual borrowers from a subsequent judicial claim for the Note on the basis of Judicial Estoppel.

3. Averment #4, is accepted.

4. Averment #5 is Accepted in Part denied in Part. On March 28, 2006, debtor and his spouse acquired the real estate property located at Lot. No. 16, Block 28,

1

Santa Rosa Development, Bayamón, P.R. There is a debtor/creditor relationship between debtor and movant. Popular filed the foreclosure proceeding only against debtor and his spouse as title owners of the real estate property. Thus, it liberated the contractual borrowers from any subsequent judicial claim. See: ***Atanacia Corp. v J.M. Saldana, Inc***., 133 D.P.R. 284 (1993).

5. Paragraph #6 of the Motion for Lift of Stay is denied. Debtor had attended Popular's offices and tried to establish and pay monthly to movant. Furthermore, debtor informed movant's officials that he has been promised a relief help from the Bayamon Housing Department of no less $20,000 after July 2017. These monies would be available after the new fiscal year according to the government officials. Debtor will consign the monthly payments during the plan. He has tried, unsuccessfully to obtain a loss mitigation from Popular and/or a short payoff.

6. Paragraph 7 of the Motion for Lift of Stay is a conclusion of law and does not require a responsive allegation.

7. Paragraph 8 is a conclusion of law and does not require a responsive allegation. However, it is denied. Popular's motion for Lift of Stay fails to comply with Local Bankruptcy Rule 9013-2. It lacks supporting memorandum that contains the points and authorities in support of the party's position, together with any affidavits or documents in support thereof. In addition, it lacks an indispensable fact, that is, the value of the property in question. Nowhere in its motion Popular has established the real estate's value. This is an indispensable fact to establish whether or not Popular is an over-secured or under-secured mortgage creditor and is entitled to adequate protection.

8. Paragraph 9 is a conclusion of law that does not require a responsive allegation.

## AFFIRMATIVE DEFENSES

A. Movant, Banco Popular de Puerto Rico is an under-secured mortgage creditor and as such is not entitled to Adequate Protection and/or equal payments. In its motion, Popular asserts a $161,967.87 debt. The current value of real estate properties at Santa Rosa Development, Bayamon, Puerto Rico is around $80,000.00

B. The motion to Lift Stay does not comply with Local Bankruptcy Rule 9013-2. It lacks supporting memorandum that contains the points and authorities in support of the party's position, together with any affidavits or documents in support thereof. Furthermore, it does not comply with the federal pleading practice requirements established by the Supreme Court of the United States, in **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007), and **Ashcroft v. Iqbal,** 556 U.S. 662 (2009.

C. On April 28, 2015, Respondent-Debtor and his spouse obtained an Order of Discharge under 11 U.S.C. §727 (Case No. 11-02825, Doc#:124). As Ramirez is not the contractual debtor and was brought as the title owner of the collateral, Ramirez's obligation is determined by the property's value. Any other attempt to claim more that the value of the property is a violation of the Discharge Injunction contained in 11 U.S.C. §524. See also, **Johnson v. Home State Bank,** 501 U.S. 78 (1991).

D.  The real estate property is Debtor's residence and is necessary for his reorganization under Chapter 13 of the Bankruptcy Code. He currently receives disability income from Social Security and certainly would not obtain a new residence.

**WHEREFORE,** for the above stated, debtor requests that movant's Motion for Lift of Stay be denied.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this same date has electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov

ALEJANDRO OLIVERAS RIVERA
aorecf@ch13sju.com

CARLOS G BATISTA JIMENEZ on behalf of Creditor BANCO POPULAR DE PUERTO RICO
lcdobatista@frauyasoc.com

In Bayamón, Puerto Rico, this May 23, 2017.

/s/ Aníbal Medina Ríos
Anibal Medina Rios USDCPR 125611
Attorney for debtor
Urb. Santa Cruz
C23 Calle Marginal
Bayamon, P.R. 00961-6706
Email:medinalaw@gmail.com
Tel: (787)460-6364

4