IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

_____

IN RE:

                                                          Case No. 17-01713 ESL

ALEXIS RAMIREZ ROSADO

Debtor(s)

                                                          Chapter 13

_____

MOTION SEEKING LEAVE TO CONSIGN FUNDS

TO THE HONORABLE COURT:

    COMES NOW, Debtor, ALEXIS RAMIREZ ROSADO, through his undersigned attorney and respectfully avers and prays:

1. On March 14, 2017, Debtor filed the instant bankruptcy case (Docket #1).

2. Debtor and his spouse Elsie Berrios-Salgado, reside at 28-17 Calle 13, Urb. Santa Rosa, Bayamón, Puerto Rico 00956 which is their only residence.

3. On March 28, 2006, Debtor and his non-filing spouse, Elsie Berrios, acquired above mentioned real estate property.

1

4. Debtor's real estate property has a lien in favor of Banco Popular de Puerto Rico by means of a recorded Mortgage Note issued by Hector Nazario-Cortes, his spouse Ana López Rodríguez, the previous owners and their daughter Glenda Rose Nazario López .

5. On July 22, 2013, Banco Popular de Puerto Rico filed a debt collection and foreclosure procedure **solely** against Alexis Ramirez Rosado and his spouse Elsie Berrios. Civil Case No. DCD 13-2003 (502), <u>Banco Popular de Puerto Rico v. Alexis Ramirez Rosado and Elsie E. Berrios</u>, Superior Court, Bayamon Part.

6. Popular did not accumulate in this monies collection and foreclosure procedure the original borrowers, Mr. Hector Nazario-Cortes, Ana Lopez Rodríguez and their daughter Glenda Rose Nazario López.

7. On November 7, 2013, Banco Popular de Puerto Rico obtained judgment in the above mentioned collection procedure and debt collection solely against Debtor Rosado and his spouse Berrios. Popular did not obtain judgment against the signers of the Mortgage Note. Thus, Popular implicitly substituted the Mortgage Note signers for Debtor and his spouse as the

2

borrowers.

8. After Petition for Relief was filed Debtor attended at various times the offices of Popular to make the monthly payments and tried to reach a loss mitigation agreement whereas he could retain his residence.

9. The agents and/or officials of Banco Popular has refused to accept the tendered monthly payments alleging lack of privity with the mortgage loan. The same loan for which Debtor and his spouse were the only defendants in the money collection and foreclosure action for which Popular obtained a foreclosure judgment.

There is a split among the courts on whether a debtor can include a mortgage in his or her Chapter 13 plan despite the absence of privity between the borrower and the mortgagor. The split centers on the courts interpretation of the term "claim" as it pertains to Chapter 13 proceedings. One line of cases, anchored on the Supreme Court of the <u>United States in Johnson v. Home State Bank</u>, 501 U.S. 78 (199) interprets the term "claim" broadly and permits debtors to cure defaulted mortgages within a Chapter 13 Plan even when no privity of contract exists between the debtor and creditors,   A second line of

3

cases interprets the term "claim" narrowly, distinguishing <u>Johnson, Id</u>., and holding that a "claim" does not exist for matters where privity is absent between the debtor and creditor. As we previously indicated, Popular only included Debtor and his spouse in its money collection complaint and mortgage foreclosure, leaving out the signers of the mortgage note, Hector Nazario-Cortes, Ana Lopez Rodríguez and Glenda Rose Nazario. The Supreme Court in <u>Johnson , Id.</u> noted that Congress intended in §101(5) to "adopt the broadest available definition of 'claim'" and that "right to payment [means] nothing more nor less than an enforceable obligation...." *See* <u>Johnson</u>, 501 U.S. at ____, 111 S.Ct. at 2154, 115 L. Ed. at ____ (citing <u>Pennsylvania Dept. of Public Welfare v. Davenport</u>, 495 U.S. __, __, __, 110 S.Ct. 2131, __, __, 109 L.Ed. 2d 588 (1990)). In this case, Banco Popular obtained an enforceable judgment against Debtor's and Debtor's property. On April 28, 2015, Debtor Alexis Ramirez Rosado, obtained Order of Discharge under 11 U.S.C. §727 in case 11-02825 BKT7, <u>Ex Parte Alexis Ramirez Roado et als</u>. A similar case to <u>Johnson</u>, <u>Id</u>.

10. Article 1130 of the Civil Code of Puerto Rico, 1930 edition, 31 L.P.R.A. §3180, permits tender of payments and consignation of funds as payment

4

when same is refused by the creditor.

11. Debtor has bought a Manager Check, dated June 2, 2017, from Scotiabank, to the name of Clerk, U.S. Bankruptcy Court to pay $1,276.00 to creditor Banco Popular de Puerto Rico, through the consignment procedure provided in 31 L.P.R.A. §3180 to the months of April and May, 2017 since the tender of say monthly payments were refused by Popular alleging lack of privity.

   WHEREFORE, Debtor, ALEXIS RAMIREZ ROSADO, respectfully requests from this Honorable Court to enter an order authorizing Debtor Alexis Ramirez Rosado to consign at the Clerk's office the sum of $1,276.00 for Banco Popular de Puerto Rico as payment for the months of April and May, 2017.

### CERTIFICATE OF SERVICE

   I hereby certify that on this same date I electronically filed with this notice copy of the amended document, with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov

**ALEJANDRO OLIVERAS RIVERA aorecf@ch13sju.com**

**CARLOS G BATISTA JIMENEZ on behalf of Creditor BANCO POPULAR DE PUERTO RICO lcdobatista@frauyasoc.com**

5

I further certify that I have served this document by first class mail to the non-CM/ECF participants and to parties in interest that have filed notices of appearance pursuant to G.O. 05-09, included in the service list attached to the original hereof.

## NOTICE AND RESPONSE TIME
## TO ALL CREDITORS AND PARTIES IN INTEREST

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

In Bayamón, Puerto Rico, this June 3, 2017.

/s/ Anibal Medina Rios
Aníbal Medina Ríos
USDCPR #125611
Attorney for debtor
Urb. Santa Cruz
C 23 Calle Marginal
Bayamón, P.R. 00961-6706
Tel: (787)740-7800
Email:medinalaw@gmail.com