IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE | Case No. |
| ALEXIS RAMIREZ ROSADO | Chapter 11 |
| Debtor | |

## SWORN STATEMENT
## ALEXIS RAMIREZ ROSADO

I, Alexis Ramírez Rosado, of legal age, who receives disability benefits from Social Security Administration, single and a resident of Bayamón, Puerto Rico under the penalty of perjury declare:

1. That my name and other personal circumstances are those stated above.

2. That I am the debtor in the case of reference.

3. On March 28, 2006, together with my the spouse, Elsie Enid Berríos Salgado, I acquired the title to the real estate property located at Calle 13, Block 28, #17, Urbanización Santa Rosa, Bayamón, Puerto Rico from the spouses Héctor Nazario Cortés and Ana López Rodríguez by deed of sale, number 4 of the year 2006 granted before the Notary Public, José Rafael Lebrón.

4. This real estate property, at the time of purchase, had a mortgage lien in favor of Banco Popular de Puerto Rico, granted by the Nazario-López spouses to guarantee a loan they obtained from Banco Popular de Puerto Rico ("Popular").

5. At the time of acquiring the property, I was a merchant. After the acquisition of the property, I suffered a health accident that disabled me from working and I obtained

1

2

Social Security disability benefits.

6. Back in April 2013, I managed help from the Housing Financing Authority ("AFV") to cover the terms claimed by Popular for that time. I obtained a subsidy of $10,403.06 from AFV and other additional subsidies, this, when BPPR accepted the subsidy granted. These later aids were to add up to about $20,000.00 additional.

7. Around May 1, 2013, BPPR informed AFV that it was not going to accept AFV's subsidy to become current because BPPR informed that they could do a reorganization without needing to receive the money from Banco de la Vivienda. I told Popular to take them and they refused.

8. After Popular rejected the subsidy offer granted by AFV when the I requested the "Loss Mitigation" remedy, Popular indicated that I did not qualify because I was no the contractual debtors of the mortgage loan and had an IRS lien for some $300,000.00 which I was later able to remove.

9. Then I went back to Banco Popular offering to pay the value of the property, for which I requested certification of the debt related to the value of the property in order to obtain financing since one of my children had requested and obtained a pre-qualification to those purposes with an institution named Latinoamerican Financial.

10. Banco Popular ignored my requests to issue a certification based on the value of the property. This document was a requirement to obtain refinancing on the property's value and was required by financial institutions to start the financing procedure.

3

11. The Banco de la Vivienda had requested the certification of the property's debt with Popular in order to grant the money to be able to keep the property.

12. Banco Popular has acted in bad faith, hindering my efforts to obtain the amount of the value of my property through financing, to pay Popular, which is what I am obliged to do since I was not being accepted as debtor by Popular.

13. Banco Popular de Puerto Rico did not replace me as a debtor in the loan that it granted to the Nazario-López spouses nor did it relieve them of it, since the loan is still in the name of the latter, according to my own personal knowledge.

14. Banco Popular never extrajudicially required me to pay the debt of the Nazario-López spouses.

15. Banco Popular calls my phone every time and asks for Héctor Nazario. I explain that I'm not Héctor Nazario and they tell me to tell Héctor Nazario to call them.

16. I went to the Bankruptcy Court under a Chapter 13, case **In re: Alexis Ramírez Rosado** case 17-01713 ESL, to pay on an installment payment plan the arrears in the loan of the Nazario-López spouses. With the filing, the monthly payments that were due after the filing of the bankruptcy began to be consigned at court since Popular did not accept them. So, Popular resorted to the procedure of lifting the automatic stay requesting a waiver protection by the court on the grounds that there was no debtor/creditor relationship with the undersigned; no payments and no adequate protection payments. Said request, was granted even when Popular had a claim against my property; I consigned the monthly payments that were due after the filing of the case.

4

17. Banco Popular has acted in bad faith, ignoring the rights of the owner as third owner, which puts me at risk of losing my only residence, thus causing me damage.

18. On 06/29/2022 I had to file again a Chapter 13, case number 22-01853-MCF with solely intention of paying Popular the debt over the property. I submitted all documents requested by my attorney at that case. He did not inform about the motion for relief of stay and the grant of the stay relief. I attended his office when I was informed there was a hearing. Said case was dismissed on April 20,2023.

19. I had to file this case to be able to pay Popular the value of the property as per the judgment it obtained in case DCD2013-2003. All my efforts has been to pay Popular but it did not give any alternative.

And to so attest, I sign this document, under penalty of perjury, today June 22, 2023 in Bayamón, Puerto Rico.

*Alexis Ramirez Rosado*

OATH

1. That my name and other personal circumstances include those indicated above.

2. That the facts related above are true and I attest their veracity from my own personal knowledge.

Today June 22, 2023 in Bayamón, Puerto Rico

*Alexis Ramirez Rosado*